UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FRANCES T. MILLER,<br><br>            Plaintiff,<br><br>       v.<br><br>VERIZON WIRELESS SHORT TERM DISABILITY PLAN,<br><br>            Defendant. | Case No.  C03-5668RJB<br><br>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND DENYING ALL OTHER MOTIONS |

       This matter comes before the Court on Defendant Verizon Wireless Short Term Disability Plan's Motion for Summary Judgment (Dkt. 21) and Motion to Strike Plaintiff's second Response (Dkt. 33) and, Plaintiff Frances T. Miller's Motion to Strike the Affidavit of Brian T. Comfort (Dkt. 24). The Court has considered the pleadings filed in support of and in opposition to these motions and the remainder of the file herein.

### I.   PROCEDURAL and FACTUAL HISTORY

       The Complaint in this matter was filed on December 1, 2003. Dkt. 1. Plaintiff, who worked at Verizon Wireless (Verizon) at the time of the events, alleged that Verizon violated ERISA, 29 U.S.C. § 1201, et seq. *Id.*

#### RELEVANT FACTS

       Plaintiff was employed by Verizon from November 30, 2000 to about January 13, 2003. Dkt. 1. At the time of the events at issue in this case, she worked as a customer service representative. Dkt. 22, at 6. As an employee of Verizon, Plaintiff was a participant in a short-term disability

("STD") plan under which Kemper National Services, Inc. ("Kemper") was authorized to administer claims and had full discretionary authority to make final benefit determinations. Dkt. 22, at 3. The STD plan provides,

> Verizon Wireless has delegated to Kemper discretionary authority as to all aspects of managed disability plan claim administration. This includes the ability to render initial and appeal claims determinations and to otherwise interpret the terms of the plan. The decision of Kemper is final and binding unless found by a court of competent jurisdiction to be arbitrary and capricious.

*Id.*

Around July 7, 2002, Plaintiff submitted a short term disability claim form. Dkt. 22, Ex. 2 at 3. Plaintiff indicated her disability resulted from a pituitary gland tumor. *Id.* According to Defendant, Plaintiff and her treating physician, Dr. Donald Sharman, submitted the following medical records in support of her claim: examination notes dated 6/24/02, MRI report dated 7/11/02 and examination notes dated 8/7/02. Dkt. 22-2, at 6. Plaintiff offers no evidence to the contrary.

On August 13, 2002, Kemper forwarded all of the medical records submitted by Plaintiff and her treating physician to Russell Superfine, M.D. for internal peer review. Dkt. 22, at 4. Dr. Superfine's report notes that Plaintiff's medical records indicate she has a history of a pituitary microadenoma for several years and bipolar disorder. Dkt. 22, at 4. Dr. Superfine's report indicates he spoke with Dr. Sharman on August 16, 2002. *Id.* Dr. Superfine reported that Dr. Sharman opined that "from a physical perspective the claimant was stable and did not feel she was disabled from this standpoint." *Id.* Dr. Superfine further relates that Dr. Sharman opined that "the claimant's disability was currently related to her depression and inability to concentrate." *Id.* at 5. Dr. Superfine states that the submitted records do not include any mental status or psychological evaluations or testing. *Id.* He finds that there are "insufficient objective findings to support a functional impairment which would preclude the claimant from performing her duties as a customer service representative." *Id.*

On September 4, 2002, Kemper sent a letter to Plaintiff denying her STD claim. Dkt. 22, at 6-7. The letter reviewed Dr. Superfine's report and concluded as follows:

> The submitted records do not include any mental status or psychological evaluations or testing. Therefore in summary, although there is a history of a pituitary microadenoma with a bipolar disorder there are insufficient objective findings to support a functional impairment which would preclude you from performing your duties as a customer service representative.

Dkt. 22, at 6. The letter informed plaintiff that Verizon was willing to review any additional

ORDER
Page - 2

information that she or her treating physicians felt was pertinent to her disability claim, and provided information on filing an appeal of the decision to deny the claim. *Id.* at 7.

On September 14, 2002, Plaintiff requested review of the decision to deny her STD claim, and indicated that she had requested her doctors fax their notes to Kemper. *Id.* at 8. On November 22, 2002, Kemper submitted Plaintiff's file, including notes from Plaintiff's psychiatrist, Dr. Mary Simonson, to Dr. Elana Mendelssohn, a neurpsychologist, for an additional review. *Id.* at 9-13. Dr. Mendelssohn reviewed Dr. Simonson's office notes dated 10/17/01 to 9/11/02. *Id.* Dr. Mendelssohn concluded,

> Based on the submitted documentation, it appears that the claimant's mental status was severely compromised with the onset of the medication Bromocriptine. However, prior to the use of this medication, the office notes did not reflect the decompensation in psychological functioning, nor are there objective examination findings substantiating the presence of significant impairments in psychological functioning. Likewise, following the claimant's discontinuance of the medication Bromocriptine, it appears that her mental status had improved. The office note dated 9/11/02 does not reflect the presence of significant impairments in psychological functioning. As such, based on the submitted documentation, it appears that the claimant was unable to perform the core elements of her occupation from 08/20 to 09/10/02. However, the time periods prior to this, from 6/24/02 to 8/19/02 and following discontinuation of her medication from 9/11/02 to the present time, the office notes do not support cognitive or psychological impairments that would prevent the claims from performing her job duties. The type of documentation that would be needed would be results from formal mental status examination, performance-based tests of psychological functioning with standardized scores, behavioral observations with the frequency, duration, and intensity of symptoms observed.

*Id.* at 10-11.

On November 26, 2002, Kemper upheld the denial of benefits in a letter to Plaintiff. Dkt. 22, at 12-13. The letter stated in relevant part as follows:

> Kemper National Service Appeal Committee found that the submitted documentation supported a partial period of disability from 08/27/02 through 9/10/02. However, the Committee advised that the documentation lacks medical evidence (i.e. signs of significant cognitive or functional impairment, abnormal psychological test results or mental status exam findings, etc.) to substantiate significant impairments in functioning that would have prevented you from working as a customer service representative from 06/24/02 through 08/26/02 and from 9/11/02 to present.

Dkt. 22, at 12. Plaintiff was notified that she had exhausted all mandatory appeal procedures under the STD plan and had the right to bring suit under Section 502(a) of ERISA. *Id.* at 13.

Plaintiff filed this lawsuit, a little over a year later, contending that she was unlawfully denied her STD benefits. Dkt. 1.

ORDER
Page - 3

On June 8, 2005, Verizon filed this Motion for Summary Judgment. Dkt. 21. Verizon contends that (1) its denial of Plaintiff's short-term disability claim is subject to an arbitrary and capricious standard of review and (2) its decision to deny Plaintiff benefits was neither arbitrary nor capricious. Dkt. 21.

Plaintiff opposes the Motion for Summary Judgment. Dkts. 24 and 31. Plaintiff's first Response consists of four pages of numbered arguments, with no citation to legal authority. Dkt. 24. Plaintiff's second Response substantively adds only one new argument. Dkt. 24. Plaintiff's arguments are summarized as follows: (1) the administrative record shows that Kemper did not take sufficient steps to contact her psychiatrist and help her develop the record before denying her claim; (Dkts. 24 and 31) (2) medical reports from her treating doctors indicate that she is unable to perform her job at Verizon from at least June 24, 2002 to the present; (Dkts. 24 and 31) (3) Kemper notified Plaintiff orally of its decision to deny her benefits in violation of 29 C.F.R. § 2560.503-1(g); (Dkt. 24) (4) Kemper failed to notify Plaintiff of what was required to perfect her claim and specific reasons as to why benefits were denied; (Dkts. 24 and 31) (5) Kemper's reviewing medical consultants misinterpreted and misquoted her treating doctor and psychiatrist's progress notes; (Dkt. 24) (6) Kemper failed to indicate when and to what extent Plaintiff recovered from her conditions (Dkt. 24) (7) Verizon submitted a false job description to Kemper (Dkts. 24 and 31) (8) Plaintiff submitted materials after the November 26, 2002 appeal denial and Defendant has not responded (Dkts. 24 and 31) (9) copies of the materials Kemper sent Plaintiff, after requesting all relevant claims materials, failed to include some of the information Plaintiff's doctors submitted and mis-characterized their statements (Dkt. 24); and (10) Plaintiff alleges she was not paid the benefits for which she was approved (Dkt. 31). Plaintiff has attached several medical records and letters from her treating doctors dated after November 26, 2002 (the date of Kemper's final decision) to her first Response. Dkt. 24, Appendix I and II.

## II.  DISCUSSION

### A.  MOTIONS TO STRIKE

Plaintiff moves to strike the Affidavit of Brian T. Comfort on the basis of lack of knowledge. Dkt. 24. This motion has no merit. Mr. Comfort's affidavit merely explains the attachments: copies of

the STD plan and administrative record. Plaintiff's motion to strike should be denied.

Verizon moves to strike Plaintiff's second Response, or in the alternative requests an opportunity to reply. Dkt. 33. Plaintiff's second Response contains only a single new argument, that she was not paid benefits for the period in which she was approved. Dkt. 31. The remaining arguments appear in her first Response. The new argument is not part of a claim in the Complaint and is not relevant to this Motion for Summary Judgment. For the sake of judicial economy, Verizon's motion to strike Plaintiff's second Response should be denied.

### B.   SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the

moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

## C.   LEGAL STANDARD UNDER ERISA

Benefit claims are reviewed under a deferential standard if the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). Where an ERISA plan vests the administrator with such discretionary authority, a district court may review the administrator's determination only for an abuse of discretion. *Winters v. Costco Wholesale Corp.*, 49 F.3d 550, 552 (9th Cir.), *cert. denied*, 516 U.S. 908 (1995). A decision by an administrator is not an abuse of discretion unless the decision is rendered without any explanation, or provisions of the plan are construed in a way that conflicts with the plan language, or the decision is so patently arbitrary and unreasonable as to lack foundation in factual basis. *Taft v. Equitable Life Assur. Soc.*, 9 F.3d 1469, 1472-73 (9th Cir. 1993). Where the abuse of discretion standard applies, the district court may review only evidence presented to the plan trustees or administrator. *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1090 (9th Cir. 1999); *Winters*, 49 F.3d at 553.

The STD plan provides,

> Verizon Wireless has delegated to Kemper discretionary authority as to all aspects of managed disability plan claim administration. This includes the ability to render initial and appeal claims determinations and to otherwise interpret the terms of the plan. The decision of Kemper is final and binding unless found by a court of competent jurisdiction to be arbitrary and capricious.

Dkt. 22, at 3. The STD plan at issue in this case is covered by ERISA. The STD plan vests the administrator (Kemper) with discretionary authority to determine eligibility for benefits or to construe the terms of the plan. As a consequence, Kemper's determination is reviewed for an abuse of discretion.

## D.   KEMPER'S DECISION TO DENY BENEFITS

Plaintiff does not appear to contend that Kemper's decision to deny her benefits was rendered without any explanation, or that provisions of the plan were construed in a way that conflicts with the

plain language of the plan. In order to show that Kemper abused its discretion, therefore, Plaintiff must show that the decision to deny her short term disability benefits is so patently arbitrary and unreasonable as to lack foundation in factual basis. *Taft* at 1472-73. Plaintiff fails to make this showing.

There is a reasonable basis in the administrative record upon which Kemper could conclude that Plaintiff was not disabled during the time she applied for short term disability benefits. Examination notes from Dr. Sharman do not indicate objective or subjective indications that Plaintiff was unable physically to do her job. Moreover, Dr. Sharman, in his conversation with Dr. Superfine, indicated he did not think Plaintiff was disabled from a physical standpoint. Dkt. 22, at 4. Kemper's determination that Plaintiff was not mentally disabled from June 24, 2002 to August 27, 2002 and September 10, 2002 to November 26, 2002 also has support in the administrative record. Neither Dr. Simonson's office notes nor Dr. Mendelssohn's report contain evidence that Plaintiff was mentally unable to do her job except while she was taking Bromocriptine from August 20 to September 10, 2002. Dkts. 24, Appendix II and 22, at 10. In the office notes and Dr. Mendelssohn's report, Plaintiff was often described as mildly depressed, but had broad affect, and speech and thought production within normal limits except during the period from August 20 to September 10, 2002. *Id.* Moreover, even if Plaintiff's treating psychiatrist had indicated Plaintiff was disabled from June 24, 2002 to November 26, 2002, "a treating physician's opinion gets no special weight and can be rejected on the basis of reliable evidence with no discrete burden of explanation." *Jordan v. Northrop Grumman Corp. Welfare Benefit Plan,* 370 F.3d 869, 879 (9th Cir. 2003). Plaintiff's submission of several years of medical records and letters from her doctors, dated after November 26, 2002 are not being considered because in reviewing a decision to deny benefits under an abuse of discretion standard, the Court reviews only the administrative record that was before the plan administrator. *Kearney* at 1090.

Plaintiff argues that Kemper failed to take sufficient steps to contact her psychiatrist before denying her claim. Dkt. 24. However, this argument appears to be without merit as Kemper reviewed and considered Dr. Simonson's office notes. Plaintiff's allegations that Kemper's reviewing medical consultants misinterpreted and misquoted her treating doctors has no support in the record. Plaintiff also argues Kemper failed to help her develop the administrative record and thus violated its fiduciary

ORDER
Page - 7

1  duty. Plaintiff offers no legal authority to support this proposition. Moreover, the facts in this case
2  indicate that Kemper did tell Plaintiff what she needed to do to perfect her claim. Dkt. 22-2, at 6. In
3  the September letter from Kemper to Plaintiff denying her initial claim, Kemper explains,

> If you disagree with this determination in whole or in part, you may file a written request for review of your claim. Your request must be made within 180 days of your receipt of this letter. The review on appeal will consist of a fresh review of your claim, based on information already existing in your file, along with any additional records, documents, comments or other relevant material you may submit in support of your appeal.
> In order to assist with your appeal, please provide us with current medical documentation, which includes objective data, such as, but not limited to the following
>     1) Letter of appeal to Kemper National Services
>     2) To support your disability you must include objective medical data such as
>         A) Office notes
>         B) Diagnostic test results
>         C) Physical therapy notes, X-ray reports, CT Scans and EMGs (if applicable) to support your diagnosis
>         D) Progress notes and consultation reports.

Dkt. 22-2, at 7.

Plaintiff also argues that Kemper orally notified her of the decision to deny her benefits. This arguments is also without merit. The record contains two letters from Kemper to Plaintiff denying her claim (except from the period August 20 to September 10, 2002). Dkt. 22 at 6-7 and 12-13.

Plaintiff alleges Verizon submitted a false job description to Kemper and supplies a job description from her supervisor. Dkts. 24 and 31. Plaintiff contends Kemper used a customer service job description for someone working in the corporate office, rather than a customer service job description for someone working in a store. *Id.* To the extent that Plaintiff claims the job description used did not reflect the extent of her duties, that evidence is not part of the administrative record. Moreover, Plaintiff could have raised this issue during the appeals process and did not.

Plaintiff alleges Kemper failed to mail copies of the administrative record to her. Dkt. 24. Under 29 U.S.C. § 1132(c),

> Any administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

Plaintiff is not entitled to relief under this statute because Plaintiff has not named Kemper, the plan's

ORDER
Page - 8

administrator, in this action.

Plaintiff raises a new argument in her second Response. Dkt. 31.  She alleges she was never paid benefits for the period in which she was approved.  *Id*.  This argument was not raised in the Complaint, nor was any claim made on this basis.  Plaintiff fails to explain its relevance to this Motion, or to the case in general.  Nevertheless, if due Verizon should pay the benefits.

Plaintiff failed to raise material issues of fact that Kemper's decision to deny her STD benefits was arbitrary and so unreasonable that the decision lacked foundation in factual basis.  Plaintiff also failed to name Kemper, the STD plan's administrator, in this action pursuant to her 29 U.S.C. § 1132(c) claim.  Verizon's Motion for Summary Judgment should be granted and this matter should be dismissed with prejudice.

The Court is mindful that the law puts great power in the hands of the plan administrator, and does not allow the Court to second-guess the administrator's decision.  This result may seem harsh to Plaintiff, but the Court must follow the law, and in this case, the law gives no basis to reverse the administrator.

### III.   ORDER

Therefore, it is hereby

**ORDERED** that Defendant Verizon's Motion for Summary Judgment (Dkt. 21) is **GRANTED**, and this matter is **DISMISSED WITH PREJUDICE**.  Plaintiff's Motion to Strike the Affidavit of Brian Comfort (Dkt. 24) is **DENIED**.  Defendant's Motion to Strike Plaintiff's second Response (Dkt. 33) is **DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 25th day of July, 2005.

_Robert J. Bryan_
Robert J. Bryan
United States District Judge